Jack Zipkin et al., Individually and as Members of Milk Drivers and Dairy Employees Local 584, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, on Behalf of Themselves and All Other Members Similarly Situated, Respondents, v. David Kaplan, Individually and as Trustee of Milk Drivers and Dairy Employees Local 584, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, et al., Appellants.

First Department, November 13, 1956.

*Edward C. Maguire* of counsel (*Henry Weiss* with him on the brief; *Samuel J. Cohen,* attorney), for appellants.

*Joseph A. Teperson* for respondents.

*Per Curiam.* The defendants appeal from an order, which among other matters, denies their application for a dismissal of the complaint upon the ground that the court lacked jurisdiction of the subject matter by reason of the plaintiffs' failure to exhaust internal remedies. The nub of the issue is whether the trustee appointed to take charge of the local union's affairs is required to be a member in good standing of the union. The determination of that question requires an interpretation of various sections of the constitution of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America. Subdivision (a) of section 2 of article VI thereof provides that the general president " shall have authority to interpret the Constitution and laws of the International Union and to decide on all questions of law thereunder ". Moreover, the same provision accords the plaintiffs the right to appeal to bodies existing within the International from an adverse ruling of the general president.

In their complaint, the plaintiffs affirmatively allege that they have not attempted to exhaust the remedies provided for in the International's constitution.

Under the circumstances, therefore, we must hold that the action is premature and that the remedies provided by the constitution of the International Brotherhood must be exhausted before recourse can be had to the courts.

The order below should be reversed and the complaint dismissed.

BREITEL, J. P., BOTEIN, RABIN, FRANK and VALENTE, JJ., concur.

Order denying defendants' motion for summary judgment unanimously reversed, with $20 costs and disbursements to the appellants, the motion for summary judgment granted and judgment is directed to be entered in favor of the defendants dismissing the complaint herein, with costs. Order granting plaintiffs' motion for an examination before trial of the defendant David Kaplan, having become academic by virtue of the decision of this court [in the above appeal] decided herewith, **said** appeal is dismissed.